# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>  Plaintiff,<br><br>    v.<br><br>[37] RICARDO TORRES-DÍAZ,<br>  Defendant. | CRIM. NO. 16-440 (PAD) |

## RICARDO TORRES-DÍAZ'S SENTENCING MEMORANDUM

**TO THE HONORABLE COURT:**

COMES NOW Defendant, RICARDO TORRES-DÍAZ, through the undersigned counsel, and respectfully states and prays:

1. Ricardo pleaded guilty to a conspiracy to possess with intent to distribute controlled substances. He is identified as a seller of controlled substances for the drug distribution organization. Ricardo was only charged with the controlled substances offenses. He was not charged in the firearm related count of the instant indictment. He stipulated that he was responsible for the possession of at least 2 kilograms but less than 3.5 kilograms of cocaine. According to the agreed upon sentencing guidelines, the applicable adjusted total offense level is 25, for an imprisonment range of 57-71 months if he is criminal history category I. "[T]he parties agreed to request a sentence [] of sixty (60) months of imprisonment." Dkt. 840 (Plea Agreement), pag. 6, ¶ 9.

2. Ricardo requests the Court to follow the joint recommendation and sentence him to the applicable statutory minimum term of imprisonment of sixty (60) months.

3. Ricardo has no criminal history points. See Dkt. 917 (Presentence Report ("PSR")), ¶ 12. This is his first federal arrest and conviction. He has no prior state conviction.

The PSR expressly concludes that no factors were identified that may warrant a departure from the advisory guidelines. *Id*., ¶ 80. The PSR sentencing guidelines calculation coincides with the parties' proposed calculation. *Id*., ¶¶ 18-27.

4. Ricardo was arrested in this case on July 15, 2016. PSR at Dkt. 917, ¶ 12. He was granted bail on a $5,000 unsecured bond, drug testing, curfew and pretrial supervision. *Id*., ¶ 13. But for one incident on August 21, 2018 Ricardo has been compliant with his conditions during his pretrial supervised release. Since immediately following his arrest, he has been receiving mental health and pharmacological treatment at a drug and alcohol ambulatory treatment center in Bayamón, PR. *Id*., ¶ 43. He also obtained his high school diploma (GED) through Colegio Educativo Lázaro via the U.S. Probation Office. *Id*., ¶ 46. Unfortunately, at the end of August 2018 Ricardo tested positive to controlled substance. His effort to stay strong and firm in his rehabilitation process is admirable nevertheless. This was Ricardo's first positive test since his arrest in July 2016, more than three years ago.

5. Ricardo's struggles with his controlled substance addition began at age 17 when he started smoking marihuana. PSR at Dkt. 917, ¶ 43. At age 27, besides smoking about 10-12 joints of marihuana daily, he was also taking between 16-20 pills of Percocet daily.

6. This defendant lacked guidance during his upbringing and grew up in a dysfunctional family environment like the vast majority -to not say all- of the defendants before this court, who are charged with the role of mere sellers of street quantities in the drug distribution chain. These are usually the defendants that begin visiting the drug point as customers buying for their own consumption and at the end become sellers to financially supply for their drug addiction. That was Ricardo's case. He was reared by his mother and

2

only got to know his father when he was 9 years old. He never got to have a significant relationship with his father. Ricardo abandoned school after failing the tenth grade. Nobody pushed him to keep trying nor he was provided with tools to stay out of the streets and away from experimenting with illegal controlled substances. By the age of 17, Ricardo was already addicted to marihuana.

7. Notwithstanding his difficult upbringing and issues with drug addiction, this defendant has shown that he can succeed in his rehabilitation path. He has been able to abide by pretrial release conditions including stopping the use of illegal controlled substances and taking pharmacology. He has timely attended individual and group therapy twice a week since his arrest in July 2016 and has maintained under control his Major Depressive Disorder diagnosis. He also completed his GED during this pretrial release period.

8. Ricardo is repentant of his mistakes and of his participation in the drug conspiracy. He admits to had participated in the conspiracy as a seller of street-quantities controlled substances. He suffers because he knows that his wrongdoings will take away the time he spends with his two daughters of 6 and 8 years. He financially supports them. The children are the product of a ten-year relationship with Mariangelie Cruz, with whom he has a good relationship. This relationship ended three years ago and Ricardo acknowledges that the lost of the mother of his children and long-term friend and partner was due to his struggle with staying away from the illegal consumption of controlled substances and because of his mistaken participation in the admitted offense in this case. He is determined to rectify his life style to be back with his daughters as soon as possible. He will take advantage of any and all rehabilitation and vocational programs while serving his sentence in order to be able to have a better life when released.

9. Per the sentencing factors provided by Title 18, U.S.C. sec. 3553(a), a sentence of 60 months is sufficient and not greater than necessary in this case. Ricardo requests the Court to grant the parties' recommendation and sentence him to the applicable statutory minimum sentence of 60 months.

10. In *United States v. Booker*, 543 U.S. 245 (2005), the United States Supreme Court restored to sentencing judges the power to use their discretion in determining appropriate sentences. It is settled that the federal sentencing guidelines are advisory, not mandatory. *Id.* See also *Gall v. United States*, 552 U.S. 38 (2007) (nevertheless now-advisory, the guidelines remain the conventional starting point for constructing a federal sentence); *United States v. Martin,* 520 F.3d 87, 91 (1st Cir.2008). District courts do enjoy wide latitude in making ***individualized sentencing determinations***. *Gall v. United States*, 552 U.S. 46.

11. A sentencing determination should begin with the correct calculation of the particular defendant's guideline sentencing range. *Gall v. United States*, 552 U.S. 49. This is the sentencing court's "starting point" or "initial benchmark." *Id*. The sentencing court should consider the parties' argument as to the proper sentence in the particular case, "weighing the applicability of the sundry factors delineated in 18 U.S.C. § 3553(a), reaching an ultimate sentencing determination, and explicating that decision on the record." *United States v. Martin*, 520 F.3d 91; citing *Gall v. United States*, 552 U.S. 50.

12. As a second step in making *individualized sentencing determinations*, the defendant's characteristics are to be considered together with the factors listed in 18 USCA sec. 1553(a). The general and key principle in this exercise is that "[t]he court shall impose a sentence sufficient, but not greater than necessary," to (i) reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense; (ii) afford adequate deterrence to criminal conduct; (iii) protect the public from further crimes of the defendant; and (iv) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *Id*.; *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Additionally, the court should take into account, among other factors, the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a).

13. A sentence of 60 months in prison is a sentence sufficient, but not greater than necessary, in this case.

**WHEREFORE**, Defendant RICARDO TORRES-DÍAZ prays that this Honorable Court have as much leniency as possible when sentencing him and sentence him to 60 months in prison as both parties recommend. It is also requested that he be recommended to participate in vocational and rehabilitation programs while serving is sentence.

**RESPECTFULLY SUBMITTED**.

At San Juan, Puerto Rico, on this 25th day of September, 2018.

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/ Kendys Pimentel Soto
**KENDYS PIMENTEL SOTO**
USDC-PR 226704
e-mail: kendyspimentel@yahoo.com
PO Box 270184
San Juan, PR 00927-0184
Tel.: (787) 370-0091